IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-315-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DAVID McNATT, | ) | |
| | ) | |
| Defendant. | ) | |

David McNatt ("McNatt" or "petitioner") filed a motion to vacate his conviction for distribution of more than 50 grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) [D.E. 24]. The government moved to dismiss the motion to vacate pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [D.E. 26]. As explained below, the court grants the government's motion to dismiss, denies McNatt's other pending motions, and grants the motion to withdraw of attorney Robert L. Cooper.

I.

On March 6, 2006, McNatt, pursuant to a plea agreement, pleaded guilty to distributing more than 50 grams of cocaine base (crack) [D.E. 17, 21]. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the court thoroughly explained McNatt's rights to him and he knowingly and voluntarily pleaded guilty. During the Rule 11 hearing and as set forth in his plea agreement [D.E. 17], the court advised McNatt that the statutory minimum term of imprisonment was 10 years and the statutory maximum term of imprisonment was life imprisonment [D.E. 21].

On September 11, 2006, the court held a sentencing hearing. During the hearing, the court discussed the Pre-Sentence Investigation Report ("PSR") and calculated the advisory guideline range

as 120–135 months' imprisonment. McNatt did not object to the PSR or the advisory guideline range. After hearing from counsel and McNatt, the court sentenced McNatt to 120 months' imprisonment and ordered McNatt to pay $5,800 in restitution [D.E. 22]. McNatt did not appeal.

On August 29, 2007, McNatt filed a motion to vacate [D.E. 24]. McNatt alleges (1) that the Assistant United States Attorney erroneously permitted the court to sentence him above the sentencing guidelines; (2) that the court erroneously ordered restitution; and, (3) that his counsel was constitutionally ineffective [D.E. 24].

The record demonstrates that the court imposed the statutory mandatory minimum sentence of 120 months' imprisonment [D.E. 22]. Thus, the Assistant United States Attorney did not err, and McNatt did not receive a sentence above the sentencing guidelines.

As for the restitution order, McNatt agreed in his plea agreement:

> to make restitution to any victim in whatever amount the Court may order pursuant to 18 U.S.C. § 3663 and 3663A. In addition, to make restitution jointly and severally with any co-defendant to the State Bureau of Investigation in the amount of $1,500.00 and to the Fayetteville Police Department in the amount of $4,300.00.

Plea Agreement ¶ 2.b. The court ordered restitution in the amount set forth in the plea agreement [D.E. 22]. The restitution reflects money that the State Bureau of Investigation and Fayetteville Police Department spent in connection with undercover drug buys from McNatt. See PSR ¶¶ 4–9. As such, the restitution order was proper.

Finally, McNatt's claim that he received constitutionally ineffective assistance of counsel is conclusory and frivolous. The court is very familiar with the governing standard. See, e.g., Bobby v. Van Hook, 130 S. Ct. 13, 16 (2009) (per curiam); Strickland v. Washington, 466 U.S. 668, 687–94 (1984). Counsel's performance did not fall below an objective standard of reasonableness. Strickland, 466 U.S. at 687–91. Counsel negotiated a very favorable plea agreement for McNatt in

2

which McNatt pleaded guilty to only one felony drug charge and the United States agreed to move to dismiss four other felony drug charges at sentencing. See Plea Ag. ¶ 4.a. Moreover, at sentencing, the court imposed the statutory mandatory minimum of 120 months as McNatt's sentence and dismissed the other four felony drug charges [D.E. 22]. Because the government did not file a motion under 18 U.S.C. § 3553(e), the court lacked authority to sentence McNatt to less than 120 months' imprisonment. See, e.g., United States v. Hood, 556 F.3d 226, 233 (4th Cir. 2009). Thus, counsel's performance was not objectively unreasonable. Furthermore, McNatt cannot demonstrate prejudice. See, e.g., Wong v. Belmontes, 130 S. Ct. 383, 390–91 (2009) (per curiam); Hill v. Lockhart, 474 U.S. 52, 58 (1985). Thus, the final claim fails.

McNatt has filed various other motions [D.E. 33, 34, 35, 37]. The motions lack merit and are denied. As for the motion concerning retroactive application of changes to the sentencing guidelines concerning cocaine base (crack) [D.E. 34], the changes do not impact the 120 month statutory minimum sentence that applies to McNatt. See, e.g., United States v. Lane, 351 Fed. Appx. 796, 798 (4th Cir. 2009) (per curiam) (unpublished); Hood, 556 F.3d at 231–37. Thus, the court denies the motion [D.E. 34].

Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined McNatt is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether McNatt is entitled to a certificate of appealability with respect to the issues presented in this habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court denies a petitioner's constitutional claims on the merits, petitioner must demonstrate that reasonable jurists could debate

3

whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. See, e.g., Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

Where a court dismisses a petitioner's constitutional claims on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of McNatt's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

II.

As explained above, the court GRANTS the government's motion to dismiss [D.E. 26], DISMISSES the motion to vacate [D.E. 24], DENIES McNatt's other motions [D.E. 33, 34, 35, 37], and GRANTS the motion to withdraw [D.E. 43] of attorney Robert L. Cooper. The court also DENIES a certificate of appealability.

4

SO ORDERED. This 18 day of August 2010.

                                                       JAMES C. DEVER III
                                                       United States District Judge